█ In the Matter of the Claim of CONCETTA D'ANDREA, Appellant, against BERGER DRESS Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision and award of the Workmen's Compensation Board of disability benefits under article 9 (constituting the Disability Benefits Law) of the Workmen's Compensation Law. The issue is as to the method of computation of claimant's weekly benefit rate and arises upon claimant's contention that regulation 109 promulgated by the

chairman of the Workmen's Compensation Board is in conflict with subdivision 12 of section 201 of the Workmen's Compensation Law and hence invalid. The statute provides, subject to certain limitations not relevant to this decision, for payment to a disabled employee of a weekly benefit of one half of his "average weekly wage". (Workmen's Compensation Law, § 204, subd. 2.) Subdivision 12 of section 201 provides that "average weekly wage" shall be determined "by dividing the total wages of such employee * * * for the eight weeks or portion thereof that the employee was in such employment immediately preceding and including his last day worked prior to commencement of such disability, by the number of weeks or portion thereof of such employment. The chairman may by regulation prescribe reasonable procedures to determine average weekly wage". Regulation 109, so far as material here, provides that "the average weekly wage shall be the amount determined by dividing the total wages paid such employee * * * during the last eight weeks * * * by the number of weeks during which he worked on at least one day during such eight week period." Claimant-appellant, a piece-work operator in the garment industry, during the 8 weeks preceding her disability worked in each of 7 weeks for a total of 25 days, earning $284. The average weekly wage was computed by the board pursuant to regulation 109 on the basis of 7 weeks or at $40.57 and benefits awarded at one half that amount or $20.29 per week. Claimant contends that the regulation is invalid, urging that the statute (§ 201, sub. 12) requires that the 25 days worked be treated as 5 weeks of 5 days each. On that basis the average weekly wage would be $56.80 and an award of $28.40 would follow. The construction urged by appellant would, in our view, distort the plain language of the act. It seems to us that the statute clearly expresses the concept of a weekly wage as the remuneration received for work performd within a period of seven successive days. In effect, appellant's method of computation is upon the basis of an average daily wage. For example, a person, who, during the eight weeks' period, worked but one day in each of five weeks, earning $10 per day, would under appellant's theory establish an "average weekly wage" of $50 and a disability benefits rate of $25 per week, the latter figure being, of course, two and one-half times the actual wages earned in a week's time. Had the legislative intent been to give effect either to average daily wages or to wage earning capacity, it would surely have been accomplished in clear language and in less cumbersome fashion. Decision and award unanimously affirmed, without costs. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.